UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANNIA

IN RE: : Chapter 13
ALICE MARIE McLAUGHLIN :
: Case No: 15-14912 :
*Debtor* :

# **CHAPTER 13 PLAN**

1. The future earnings of the Debtor are submitted to the supervision and control of the Court, and the Debtors shall pay to the Trustee the total sum of $69,720.00. Said Plan Balance shall be payable in monthly installments of $1,162.00 for a period of sixty (60) months commencing August 9, 2015.

**Within 30 days of the filing of their Federal Income Tax return, debtors will submit a copy of that return to the Standing Chapter 13 Trustee. The debtors will turn over to the Standing Chapter 13 trustee any Federal Income Tax refund within thirty (30) days of receipt of said refund which amount shall be disbursed to the unsecured creditors.**

2. From the Plan payments so received, the Trustee shall make disbursements as follows:

Trustee's Commission pursuant to 28 U.S.C. §586(e)(B).

a. The priority payments:

1. All Administrative expenses as follows:

$2,000.00 – Michelle DeWald, Esquire

2. Allowed and unwaived priority claims as follows:

NONE

b. The ARREARS balance due of secured claims as follows:

$60,892.11 – Wells Fargo Bank

c. The total balance due on secured claims including applicable interest, late fees and costs as follows:

$1,937.09 – Hanover Township

    d.    After all secured and priority claims have been paid, the remainder is to be distributed to all unsecured creditors whose claims are timely filed and duly allowed by the Court as follows:

        <u>Pro-Rata</u>

3.   The following executor contracts of the Debtors are rejected:

        <u>NONE</u>

4. Unless otherwise stated in this Plan, Debtors shall continue and/or resume making normal monthly payments to the following creditors outside the Plan as follows:

        <u>Commence/continue normal monthly payments outside the Plan to WELLS FARGO BANK ( mortgage).</u>

5.   Debtors exercise their right to avoid all liens as allowed by law under 11 U.S.C. Section 522(f):

6.   The title to the Debtor's property of the estate shall revest in the Debtor upon confirmation of this Plan and upon closing of the case pursuant to Bankruptcy Rule 5009, and the Debtor shall have sole right to use and possession thereof during the pendency of this case, including the right to use, sell or lease such property in the ordinary course of the Debtor's affairs.

Dated: 08/05/15                              s/Alice Marie McLaughlin
                                             ALICE MARIE McLAUGHLIN, DEBTOR

Acceptances may be mailed to:

Michelle DeWald, Esquire
P.O. Box 5101
1683 Broadhead Court
Bethlehem, PA 18015